United States District Court
Southern District of Texas
**ENTERED**
September 30, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARDEN ELDAID SANCHEZ ORDONEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-6462 |
| | § | |
| RANDY TATE, et al., | § | |
| | § | |
| Respondents. | § | |

**MEMORANDUM OPINION AND ORDER**

Marden Eldaid Sanchez Ordonez ("Petitioner"), a citizen of Honduras, entered the United States on June 21, 2023, on an H2B visa..[1] Petitioner overstayed his visa and on July 29, 2026, he was served with a Notice to Appear, charging him as removable under 8 U.S.C. § 1227(a)(1)(B).[2] On September 23, 2026, Petitioner received a bond hearing.[3] Petitioner was denied a bond on the basis of the immigration judge's determination that he was a flight risk.[4] Petitioner remains in immigration custody.[5] Pending before the court is Petitioner's Habeas Petition (Docket Entry No.

---

[1]Petition for Writ of Habeas Corpus (28 U.S.C. § 2241) ("Habeas Petition"), Docket Entry No. 1, p. 2; Motion to Dismiss Petition for Writ of Habeas Corpus as Moot ("Respondents' MTD"), Docket Entry No. 10, p. 1. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Respondents' MTD, Docket Entry No. 10, p. 1.

[3]Id.

[4]Id.

[5]Id.

1). Petitioner argues that his detention without a bond hearing violates due process.[6] Also pending before the court is Respondents' Motion to Dismiss (Docket Entry No. 10). Respondents argue that Petitioner's Habeas Petition is moot because he was granted a bond hearing.[7]

Because Petitioner was granted a bond hearing, his Habeas Petition is moot and must be dismissed for lack of subject matter jurisdiction. Center for Individual Freedom v. Carmouche, 449 F.3d 655, 661 (5 th Cir. 2006) ("Generally, any set of circumstances that eliminates actual controversy after the commencement of a lawsuit renders that action moot."). Accordingly, Respondent's Motion to Dismiss (Docket Entry No. 10) is **GRANTED,** and Petitioner's Petition for Writ of Habeas Corpus (28 U.S.C. § 2241) (Docket Entry No. 1) is **DISMISSED as moot**.

The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this 30th day of September, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

[6]Habeas Petition, Docket Entry No. 1, p. 4.

[7]Respondents' MTD, Docket Entry No. 10, p. 1.